IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KRISTOPHER CHILTON,**            CASE NO. 3:21 CV 1312

    Plaintiff,

    v.                                          JUDGE JAMES R. KNEPP II

**DEPUTY WARDEN RYAN L. WALTERS,**
et al.,
                                               MEMORANDUM OPINION AND
    Defendants.                            ORDER

### INTRODUCTION

*Pro se* Plaintiff Kristopher Chilton, an inmate incarcerated at Toledo Correctional Institution ("TCI"), brings this action under 42 U.S.C. § 1983 alleging various TCI employees violated his Eighth Amendment rights. *See* Doc. 1. The served Defendants (Ryan Walters, James Hobbs, Troy Reed, Abel Buck, Peter Kimball, and Christopher Salatin), along with interested party, the State of Ohio on behalf of unserved Defendants (Captain John Doe and Matthew Elder) move to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. (Doc. 8). Plaintiff has not filed a response, and the time in which to do so has expired. *See* Local Rule 7.1(d) (providing that an opposition to a case-dispositive motion shall be filed within 30 days). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons stated below, the Court grants Defendants' Motion to Dismiss.

### BACKGROUND

At all relevant times to the instant case, Plaintiff was confined at the Toledo Correctional Institution ("TCI"). (Doc. 1, at ¶ 5). Following an October 2019 visit with his sister in the TCI

visitation room, Plaintiff was ordered to dry cell watch. *Id.* at ¶ 16-18. He was "placed inside of an empty concrete room with absolutely nothing in it besides four concrete walls", including no bed or blanket, sink or toilet, and "was stripped down and given a paper gown." *Id.* at ¶¶ 21-22, 27-29. This room was in the receiving and discharge ("R&D") unit. *Id.* at ¶ 19. He remained in the room in this condition for nine days. *Id.* at ¶ 22. He slept on the concrete floor with cold air conditioning blowing through the room. *Id.* He used a five-gallon bucket for toileting, which was not emptied until the day he left the room. *Id.* at ¶ 29.

Plaintiff brings claims against the Deputy Warden of Operations, Investigators, the Safety and Health Coordinator, a Major, the Second Shift Captain, and two Corrections Officers at TCI, asserting each had some involvement in the above actions (or failed to respond to his complaints). *See id.* at ¶¶ 6-13, 23-44. He seeks compensatory damages, as well as declaratory and injunctive relief. *Id.* at 8-9.

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of

2

action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

## DISCUSSION

Defendants move to dismiss, asserting the Complaint fails to state a claim upon which relief can be granted. They contend Plaintiff has not pled facts to satisfy the objective component of an Eighth Amendment claim, citing caselaw regarding temporary uncomfortable prison conditions such as sleeping on the floor, cold cell temperatures, and unsanitary conditions. Again, as noted, Plaintiff has not responded.

To state a claim that prison conditions violate the Eighth Amendment under § 1983, an inmate must allege prison officials acted with "deliberate indifference" to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). Deliberate indifference is a higher standard than negligence, and it contains objective and subjective components. *Id.* at 834; *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). The risk of harm to the prisoner caused by the conditions of confinement must have been, objectively, sufficiently serious to require constitutional protection. *Farmer*, 511 U.S. at 834. The subjective component requires the inmate to "show that (1) 'the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner,' (2) the official 'did in fact draw the inference,' and (3) the

3

official 'then disregarded that risk.'" *Richko v. Wayne County*, 819 F.3d 907, 915-16 (6th Cir. 2016) (quoting *Rouster v. County of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)).

To establish such deliberate indifference, the prisoner must allege he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, (1981). Conditions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.*; *see also Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) ("Harsh and uncomfortable prison conditions do not automatically create an Eighth Amendment violation."). Rather, an inmate must allege an "extreme deprivation". *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

In considering whether an Eighth Amendment violation has occurred, a court must consider "'[t]he circumstances, nature, and duration of a deprivation.'" *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 220 (2007) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

Plaintiff's Complaint asserts he was confined to a cold concrete room for nine days, wearing a paper gown, without a bed, blanket, sink, or toilet; he used a bucket for toileting, and the bucket was not emptied until the day he left the room. *See* Doc. 1. The Court finds that although Plaintiff certainly alleges uncomfortable and unpleasant conditions, none of Plaintiff's allegations rise to the level of a constitutional deprivation.

<u>Lack of Mattress</u>

Requiring an inmate to sleep on the floor without a mattress for a relatively short duration does not violate the Eighth Amendment. *See Grisson v. Davis*, 55 F. App'x 756, 757 (6th Cir. 2003) (allegations of seven day deprivation of mattress and blanket did not "allege facts that, if

proven, would rise to the level of the serious deprivation and deliberate indifference required to support and Eighth Amendment claim."); *Jones v. Toombs*, 77 F.3d 482 (6th Cir. 1996) (unpublished table disposition) (requiring inmate to sleep on floor for a two week period does not violate the Eighth Amendment) (citing *Schroeder v. Kaplan*, 1995 WL 398878, at *2 (9th Cir.) (requiring prisoner to sleep on floor for four weeks does not violate the Eighth Amendment)); *Valdes v. Evans*, 2019 WL 334171, at *5 (W.D. Ky.) ("A . . . one-week period without a mattress where an inmate does not allege any specific harm from going without it does not give rise to a constitutional violation."); *Lee v. Wagner*, 2017 WL 2608752, at *4 (W.D. Mich.) (eight day deprivation of mattress not a violation); *Bodman v. Dennis*, 2011 WL 3739033, at *7 (W.D. Mich.) ("Plaintiff's allegation that he was . . . made to sleep on the floor for eight days constitutes only a minor inconvenience; it falls short of demonstrating the sort of inhumane conditions that implicate the Eighth Amendment."); *see also Trammell v. Keane*, 338 F.3d 155, 163-65 (2d Cir. 2003) (no violation when inmate deprived of clothing, blanket, and mattress for several weeks, and toilet paper for more than a week as a disciplinary measure because discomfort of lacking clothing and bedding did not risk inmate's health and safety).

As such, Plaintiff's assertions regarding denial of a mattress and bedding for nine days do not state an Eighth Amendment claim.

Toilet

The Sixth Circuit has recognized on more than one occasion that the Eighth Amendment does not require flushable toilets in prison. *See Abdur-Reheem-X v. McGinnis*, 198 F.3d 244,1999 WL 1045069, at *2 (6th Cir.) (table) (the "Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets"); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require

prisoners to use nonflushable toilets on occasion."); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("With respect to Plaintiff's conditions of confinement claims—that he was deprived of a lower bunk, was subjected to a flooded cell, and was deprived of a working toilet—Plaintiff alleged only temporary inconveniences and did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency."); *Wiley v. Ky. Dep't of Corr.*, 2012 WL 5878678, at *4 (E.D. Ky.) ("Temporary placement in a cell with no flushable toilet is not an extreme deprivation of a basic necessity.") (dismissing for failure to state a claim Eighth Amendment claim based on plaintiff's confinement to a dry cell for two weeks with, *inter alia*, no flushable toilet and no running water).

Again, the Court finds Plaintiff has not alleged facts which, if proven, would demonstrate an Eighth Amendment violation, and as such, dismissal is appropriate.

<u>Cold Temperatures</u>

The Supreme Court has explained that "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991). As with all Eighth Amendment claims, however, a court must consider the relevant factors of "'[t]he circumstances, nature, and duration of a deprivation.'" *Spencer*, 449 F.3d at 728 (quoting *Johnson*, 217 F.3d at 731).

Plaintiff alleges he was dressed in a paper gown, not provided with a blanket, and cold air conditioning was blowing through the room. (Doc. 1, at ¶ 22). He does not allege he suffered any specific injury as a result.

However, courts have found being subject to cold temperatures for a relatively short duration does not violate the Eighth Amendment. *See, e.g.*, *Wells v. Jefferson Cty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (allegations that Plaintiff was forced to sleep in a cold cell for six days does not rise to the level of a constitutional violation); *Dean v. Campbell*, 1998 WL 466137, at *2 (6th Cir. 1998) (confinement in a cold segregation cell for more than twenty days not sufficient to show the type of extreme deprivation necessary for an Eighth Amendment conditions of confinement claim"); *Martinez v. Gore*, 2021 WL 2269987, at *3 (W.D. Ky.) ("The Court finds that Plaintiff's claim that he spent four days with nothing but paper boxers to wear in a cold cell with no mat, sheets, blankets, shoes, socks, or other property, standing alone, does not state an Eighth Amendment claim."); *Wiley*, 2012 WL 5878678, at *4 (conditions including cold temperatures did not rise to the level of a constitutional violation when they were "experienced for a short period of time, fourteen days");

The Court finds the same result appropriate here. Although Plaintiff alleges he was subject to cold cell conditions, he asserts no specific injury resulting therefrom, the conditions were temporary (nine days), and the facts alleged do not set forth the sort of "extreme deprivation" required.

Taken together, although certainly unpleasant, uncomfortable, and undesirable, "the conditions about which Plaintiff complains . . . were discomforts which he experienced for a short period of time", nine days. *Wiley*, 2012 WL 5878678, at *4. They were "temporary inconveniences, not conditions that fall beneath the minimal civilized measure of life's

7

necessities as measured by a contemporary standard of decency". *Id.* They do not amount to the "extreme deprivation" necessary to demonstrate an Eighth Amendment violation. *Hudson*, 503 U.S. at 9.[1]

Physical Injury 42 U.S.C. § 1915e(e)

Furthermore, in addition to the above, even if Plaintiff had stated a constitutional claim, dismissal of his damages claims would still be appropriate. Although Plaintiff's Complaint includes a conclusory allegation he suffered physical injury and seeks damages for such, the Complaint does not allege facts to identify any specific injury or connect it to any particular condition imposed. *See* Doc. 1. Section 1997e(e) of the Prison Litigation Reform Act states that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury need not be significant, but must be more than *de minimis* for a request for compensatory damages based on an Eighth Amendment claim. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). Without such allegations, claims for mental or emotional injury may not be maintained. *See Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for

---

1. Additionally, and alternatively, the Court notes that Plaintiff failed to respond to Defendants' Motion to Dismiss and the time in which to do so has expired. He has thus waived opposition to the motion. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived") (citing, *inter alia*, *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.")); *see also Brown v. Panther Premium Logistics, Inc.*, 2017 WL 6502822, at *1 (N.D. Ohio) ("This Court may interpret the absence of a response to a motion to dismiss as a waiver of opposition."); *Burdick v. Anthony*, 2007 WL 275968, at *1 (N.D. Ohio) ("The district court's power to grant motions to dismiss because they are unopposed is firmly settled.").

a fixed period of time does not violate the Eighth Amendment."); *Grissom*, 55 F. App'x at 758 (allegations that deprivation of mattress caused "aching" were "nothing more than [allegations of] a de minimis physical injury").

A plaintiff must allege "a specific physical injury" to satisfy § 1997e(e). *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). General allegations of physical health problems and conditions that do not require medical attention are insufficient. *See id.* at 665-66 (inmate's general allegations of "physical health problems" not sufficiently specific to satisfy § 1997e(e)). Although Plaintiff generally alleges he suffered "serious physical injury" as a result of Defendants' actions, he does not describe or name a specific ailment or injury, nor specifically connect any such injury to the conditions imposed. As such, § 1997e(e) provides an independent basis for dismissing Plaintiff's damages claims.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss (Doc. 8) be, and the same hereby is, GRANTED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    s/ *James R. Knepp II*
    UNITED STATES DISTRICT JUDGE